UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB ANDREW BERGERON,<br><br>                Petitioner,<br><br>    v.<br><br>KIRY K. GRAY, et al.,<br><br>                Respondents. | Case No. CV 20-06760 VBF (RAO)<br><br>MEMORANDUM AND ORDER RE SUMMARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENIAL OF CERTIFICATE OF APPEALABILITY |

On August 9, 2020, Petitioner Jacob Andrew Bergeron ("Petitioner"), who is proceeding *pro se*, filed the instant Petition for Writ of Habeas Corpus ("Petition"), in which he alleges that Respondents' failure to file one of his previous habeas corpus petitions violated his federal due process right to be free of restraint and his First Amendment rights of access to the courts and to petition the government. For the following reasons, the Petition is dismissed with prejudice.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

As a threshold matter, Petitioner is not entitled to habeas corpus relief because he is not in custody. "[T]he essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973). Because there is no claim before the Court that Petitioner is in custody in violation of federal law, the Court cannot entertain the Petition as a petition for writ of habeas corpus.

Although in certain circumstances the Court has the discretion to construe a habeas petition to plead a cause of action for a violation of civil rights under 42 U.S.C. § 1983, *see Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc), the Court declines to do so here, as follows.

In order to state a claim under Section 1983, a plaintiff must plead that a "person" acting under color of state law caused a deprivation of plaintiff's federal constitutional rights or limited federal statutory rights. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed.2d 40 (1988). Here, Petitioner contends that his federal due process and First Amendment rights were violated by Respondents' failure to file in a previous habeas corpus petition, in which Petitioner alleged that FBI agents in Atlanta were using mind-control devices to restrain him. The Court properly dismissed the prior petition because Petitioner was not in custody when he filed it, and Petitioner did not appeal that dismissal. The First Amendment simply is not implicated by a court's dismissal of a frivolous action. *See McDonald v. Smith*, 472 U.S. 479, 484, 105 S. Ct. 1827, 86 L. Ed. 384 (1985) (affirming "filing a complaint in court is a form of petitioning activity; but baseless litigation is not immunized by the First Amendment right to petition.") (citation omitted); *see also Brown v. Villaraigosa*, 2010 WL 11483802, at *12 (C.D. Cal. Mar. 30, 2010) (noting "the First Amendment does not impose any affirmative obligation on the government to listen or to respond."). Because Petitioner has failed to allege facts in the instant Petition that might demonstrate a deprivation of his constitutional rights, the Court declines to convert this action into a civil rights complaint.

Moreover, because it is clear that no amount of tinkering with the Petition could change the fact that the Court does not have jurisdiction to consider his claims, the Petition is dismissed with prejudice.

Finally, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling, Petitioner is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed.2d 542 (2000).

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** with prejudice; and
2. A Certificate of Appealability is **DENIED.**

DATED:  October 26, 2020                         /s/ Valerie Baker Fairbank

                                                  VALERIE BAKER FAIRBANK
                                                  UNITED STATES DISTRICT JUDGE